IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ANPATH GROUP, INC., | : | Case No. 10-11652 (KJC) |
| | : | **Hearing Date: TBD** |
| Debtor. | : | **Objection Deadline: June 10, 2010 at 4:00 p.m.** |

## APPLICATION OF THE DEBTOR PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014(a) FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF COZEN O'CONNOR AS COUNSEL FOR THE DEBTOR

Anpath Group, Inc. (the "Debtor") respectfully submits this application (the "Application"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order authorizing the Debtor to retain and employ Cozen O'Connor ("Cozen") as its counsel in connection with the Debtor's Chapter 11 case. In support of this Application, the Debtor respectfully represents as follows:

### Background

1. On May 20, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. The Debtor continues to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. A description of the Debtor's corporate structure and business and the events leading to the filing of this Chapter 11 case is set forth in the first day declaration of J. Lloyd Breedlove, President and Chief Executive Officer of the Debtor (the "Breedlove Declaration"), which has been filed contemporaneously with the petition commencing this case.[1]

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Breedlove Declaration.

## Jurisdiction and Venue

4. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. § 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This Application is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief requested in this Application are sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014.

## Relief Requested

5. Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the Debtor seeks to employ and retain Cozen as its counsel in connection with the Debtor's Chapter 11 case.

## Retention of Cozen

6. The Debtor seeks authority pursuant to sections 327(a) and 328(a) of the Bankruptcy Code to employ and retain Cozen as its counsel in connection with the commencement and prosecution of this Chapter 11 case, under a general retainer, in accordance with Cozen's normal hourly rates and reimbursement policies in effect at the time services are rendered.

7. Cozen is an international law firm with more than 550 attorneys practicing in 24 offices worldwide. In addition to insolvency and corporate counsel, Cozen provides legal counsel in many practice areas such as tax, healthcare, public finance, real estate, environmental, labor and ERISA, intellectual property, and commercial and insurance litigation.

8. By this Application, the Debtor seeks to employ and retain Cozen as its counsel with regard to the filing and prosecution of this Chapter 11 case and all related matters. The Debtor seeks to retain Cozen as its counsel because of the firm's extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under Chapter 11 of the Bankruptcy Code, its experience and knowledge practicing before this Court,

and because Cozen's appearance before this Court for applications, motions, and matters in the bankruptcy case will be efficient and cost effective for the Debtor's estate.

9. Given Cozen's experience with Chapter 11 cases generally and, specifically, representing Chapter 11 debtors, Cozen has the necessary background to deal effectively with many of the potential legal issues and problems that may arise in the context of these cases. The Debtor believes that Cozen is well qualified and able to represent it in the bankruptcy case in an efficient and timely manner.

10. The services of Cozen are necessary to enable the Debtor to fulfill its duties as debtor and debtor-in possession. Subject to further order of this Court, Cozen will render, inter alia, the following professional services:

> (a) advising the Debtor of its rights, powers, and duties as a debtor and debtor-in-possession;
>
> (b) taking all necessary actions to protect and preserve the estate of the Debtor, including the prosecution of certain actions on the Debtor's behalf, the defense of any actions commenced against the Debtor, the negotiation of disputes in which the Debtor is involved, and the preparation of objections to claims filed against the Debtor's estate;
>
> (c) preparing on behalf of the Debtor, as debtor-in-possession, necessary motions, applications, answers, orders, reports, and papers in connection with the administration of the Debtor's estate;
>
> (d) pursuing confirmation of the Debtor's plan of reorganization; and
>
> (e) performing all other necessary legal services in connection with the bankruptcy case.

11. It is necessary for the Debtor to employ attorneys under a general retainer to render the foregoing professional services. Cozen has stated its desire and willingness to act in this case and render the necessary professional services as attorneys for the Debtor.

WILMINGTON\112943\2 270990.000

### Disinterestedness of Cozen

12. To the best of the Debtor's knowledge, the shareholders, members, associates and other employees of Cozen do not have any connection with, or any interest adverse to, the Debtor, its creditors, or any other party in interest, or its attorneys and accountants, except as set forth in the Declaration of Mark E. Felger, Esq., a shareholder of Cozen, attached to this Application as Exhibit A (the "Felger Declaration").

13. Based upon the Felger Declaration, the Debtor submits that Cozen is a "disinterested person," as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

14. Cozen has informed the Debtor that Cozen will conduct an ongoing review of its files to ensure that, in the event the circumstances change from those presented in the Felger Declaration, Cozen will promptly supplement its disclosure.

15. The Debtor firmly believes that Cozen, because of its experience in Chapter 11 cases and prepetition representation of the Debtor in preparing for the filing of its Chapter 11 case, is well qualified and ideally situated to represent the Debtor's interests and the interests of its estate. Accordingly, the Debtor believes it will be unduly prejudiced if it is forced to retain counsel other than Cozen in connection with the prosecution of its Chapter 11 case, and the Debtor, its estate, and all parties in interest would suffer as a result.

### Compensation

16. The Debtor requests that all fees and related costs and expenses incurred by the Debtor on account of services rendered by Cozen in this case be paid as administrative expenses of the estate pursuant to sections 328, 330(a), 331, 503(b), and 507(a)(1) of the Bankruptcy Code. Subject to this Court's approval, Cozen will charge for its legal services on an hourly

basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered, subject to sections 328(a) and 330 of the Bankruptcy Code. The current hourly rates charged by Cozen for professionals and paraprofessionals employed in its offices are provided below:

| Billing Category | Range |
| --- | --- |
| Shareholders | $350 - $880 |
| Members | $265 - $840 |
| Associates | $225 - $395 |
| Paraprofessionals | $125 - $240 |

17. These hourly rates are subject to periodic adjustment (typically in January of each year) to reflect economic and other conditions. Cozen will maintain detailed records of actual and necessary costs and expenses incurred in connection with the legal services described above. Cozen reserves its right to file an application for allowance of an enhanced fee award at the end of these cases, subject to the discretion of the Debtor.

18. The names, positions and current hourly rates of the Cozen attorneys currently expected to have primary responsibility for providing services to the Debtor are as follows:

(a) Mark E. Felger (Shareholder – Bankruptcy Group), $595/hour; and
(b) Eric L. Scherling (Member – Bankruptcy Group), $385/hour.

19. In addition to the lawyers named above, it may be necessary, during the course of these cases, for other Cozen professionals in other legal disciplines to provide services to the Debtor. The Debtor believes that the rates charged for its lawyers are consistent with market rates for comparable services.

20. The Debtor understands that Cozen is customarily reimbursed for all expenses incurred in connection with the representation of a client in a given matter, including, but not

limited to, photocopying services, printing, delivery charges, filing fees, postage, and computer research time.

21. The Debtor further understands that Cozen hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, any guidelines established by the United States Trustee for the District of Delaware (the "U.S. Trustee"), and further orders of this Court for all services performed and expenses incurred after the Petition Date.

22. As set forth in the Felger Declaration, Cozen received $50,000 advanced from the Debtor as compensation for professional services to be performed relating to the commencement and prosecution of this Chapter 11 case and for the reimbursement of reasonable and necessary expenses incurred in connection therewith. Cozen has used this advance to credit the Debtor's account for its charges for professional services performed and expenses incurred prior to the Petition Date and holds the balance of approximately $4,000 as an evergreen retainer to be applied against the last fees paid to the firm pursuant to a final fee application as more fully set out in the Felger Declaration.

23. Pursuant to section 328(a) of the Bankruptcy Code, the Debtor may retain Cozen on any reasonable terms and conditions. The Debtor submits that the terms and conditions described herein are reasonable.

24. The Debtor further submits that the relief requested herein is necessary and appropriate, is in the best interests of the Debtor, its estate, and its creditors, and should be granted in all respects. Accordingly, the Debtor respectfully requests the entry of an order pursuant to sections 327(a) and 328(a) of the Bankruptcy Code authorizing it to employ and

WILMINGTON\112943\2 270990.000

retain Cozen under a general retainer to perform the legal services that will be necessary during its bankruptcy case.

### Notice

25. No trustee, examiner or creditors' committee has been appointed in the Debtor's Chapter 11 case. Notice of this Application has been given to (i) the U.S. Trustee, (ii) the Debtor's twenty largest unsecured creditors, and (iii) counsel to the Debtor's prepetition and proposed postpetition lender. In light of the nature of the relief requested, the Debtor respectfully submits that no further notice is necessary.

26. No prior application for the relief sought in this Application has been made to this or any other court in connection with this Chapter 11 case.

**WHEREFORE**, the Debtor requests that an order, substantially in the form annexed hereto as Exhibit B, be entered authorizing the Debtor to retain Cozen as its counsel in this case and providing the Debtor with such other and further relief as the Court may deem just, proper and equitable.

Dated: May 20, 2010

Anpath Group, Inc.

By: _____
J. Lloyd Breedlove
President and Chief Executive Officer