# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ANPATH GROUP, INC., | : | Case No. 10-11652 (KJC) |
| | : | |
| Debtor. | : | |

## DECLARATION OF J. LLOYD BREEDLOVE IN SUPPORT OF CONFIRMATION OF THE DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION, AS MODIFIED

J. Lloyd Breedlove, being duly sworn, hereby declares and certifies under penalty of perjury:

1. I am the President and Chief Executive Officer of Anpath Group, Inc. (the "Debtor"), a corporation duly organized under and existing pursuant to the laws of the State of Delaware. In my capacity as such, I have detailed knowledge of, and experience with, the business and financial affairs of the Debtor and its subsidiaries and affiliates. I am authorized to make this declaration (the "Declaration") on behalf of the Debtor.

2. This Declaration is made in support of confirmation of the First Amended Plan of Reorganization of Anpath Group, Inc., as Modified (the "Modified First Amended Plan").[1] I participated in the negotiation and preparation of the Initial Plan (defined below), the First Amended Plan (defined below), and the Modified First Amended Plan, and I have reviewed the Modified First Amended Plan and other pertinent information prior to making this Declaration. Therefore, I am fully familiar with the Modified First Amended Plan. Except as otherwise indicated, all of the facts set forth herein are based upon my personal experience and knowledge of the Debtor's operations. If I were called to testify, I could and would testify to the facts set forth herein.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them by the Amended Plan.

## Background

3. On May 20, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. No trustee or examiner has been appointed in this bankruptcy case.

5. The Debtor, which is headquartered in Mooresville, North Carolina, is a Delaware holding company incorporated in August, 2004. The Debtor's wholly owned subsidiary is EnviroSystems Holdings, Inc., a Delaware corporation which wholly owns EnviroSystems, Inc., a Nevada Corporation ("ESI").

6. ESI produces infection control products on an international basis through both direct sales and channels of distribution. ESI's products are manufactured utilizing a proprietary chemical-emulsion technology, designed to make its products effective against a broad spectrum of harmful infectious microorganisms while being safe to people, equipment and the environment. ESI's primary operating markets are divided into four market segments: (1) surface care products (*i.e.*, disinfectants/sanitizers/cleaners), (2) geobiocides for the oil & gas industry, (3) animal care products, and (4) personal care products. ESI has traditionally sold the majority of its product to customers in the healthcare industry, hospitality industry, the aviation industry, janitorial industry, local and federal government and educational institutions.

7. On the Petition Date, the Debtor filed its initial Plan of Reorganization (the "Initial Plan") and a motion seeking approval of its Disclosure Statement as well as the establishment of deadlines and procedures related to notice, solicitation, voting, and confirmation.

8. On June 29, 2010, the Debtor filed both a First Amended Chapter 11 Plan of Reorganization (the "First Amended Plan") and First Amended Disclosure Statement With Respect to Plan of Reorganization of Anpath Group, Inc. (the "Amended Disclosure Statement").

9. On June 30, 2010, the Court entered an order: (a) approving the Amended Disclosure Statement; (b) establishing procedures for the solicitation and tabulation of votes to accept or reject the First Amended Plan; (c) establishing a voting record date; (d) scheduling a hearing on confirmation of the First Amended Plan; (e) approving the form of ballots and solicitation materials; (f) approving related notice procedures; (g) shortening certain deadlines under Del. Bankr. L.R. 9006-1 and (h) granting certain related relief (the "Plan Order").

10. I understand from bankruptcy counsel that: (a) the First Amended Plan, along with the exhibits and a ballot (when appropriate), were served on June 29, 2010; and (b) notice of the deadlines set by the Plan Order was published in The Wall Street Journal, U.S. edition, on July 6, 2010.

11. On November 17, 2010, the Debtors filed the Modified First Amended Plan. The Debtors filed the Modified First Amended Plan to, in large part, reflect the fact that the Private Placement Offering is no longer contemplated. In addition, the Chapter 11 Case has lasted several months longer than the Debtor originally anticipated, thus requiring increased borrowing under the DIP Facility as authorized by the DIP Orders which have been entered by the Court. The Modified First Amended Plan therefore accounts for the DIP Claims of the DIP Lenders.

12. For reasons set forth in the Declaration of Stephen Hoelscher, the Chief Financial Officer of the Debtor, the Debtor believes that these changes are non-material and as such re-solicitation of the Modified First Amended Plan is not necessary.

## Confirmation Requirements

13. The Modified First Amended Plan is dated and identifies the Debtor as the proponent.

14. Article III of the Modified First Amended Plan sets forth the method of classification of claims, and the treatment of impaired and unimpaired classes under the Modified First Amended Plan. The Modified First Amended Plan places similarly situated Claims and Interests in the same classes and provides for the same treatment for each Claim or Interest within a particular class.

15. The Modified First Amended Plan provides the means for its implementation. Articles V and X of the Modified First Amended Plan contain provisions for the Reorganized Debtor to object to Claims. Article VII provides for, among other things, the continued corporate existence of, and vesting of assets in, the Reorganized Debtor; discharge and cancellation of Old Common Stock, the Secured Loan Agreement, the Convertible Notes, the indentures, and other instruments or documents evidencing, creating, or governing any such other Impaired indebtedness, equity interests, or obligations of the Debtor; and the issuance of New Common Stock in the Reorganized Debtor. Article VIII of the Plan provides for the assumption or rejection of executory contracts and unexpired leases, to the extent any become known to the Debtor prior to the Effective Date. Article IX of the Modified First Amended Plan contains provisions governing Distributions.

16. I believe, after consultation with bankruptcy counsel, that the means of implementation set forth in the Modified First Amended Plan are reasonable, and will enable the Debtor to satisfy its obligations under the Modified First Amended Plan.

17. After consultation with bankruptcy counsel, I believe that the Modified First Amended Plan, and the Debtor as proponent of the Modified First Amended Plan, have complied with the requirements of the Bankruptcy Code.

18. The Modified First Amended Plan was proposed in good faith and not by any means forbidden by law.

19. All agreements by the Debtor to retain Professionals to provide services to the Debtor in or in connection with the Chapter 11 Case have been disclosed to the Court in applications to retain those Professionals. Pursuant to the Modified First Amended Plan, the Court will retain jurisdiction to hear and determine all Professional Claims.

20. There are no governmental regulatory commissions with jurisdiction over the rates charged by the Debtor after confirmation.

21. As further set forth in the Report of Plan Voting Prepared in Connection with the Debtor's Chapter 11 Plan of Reorganization, which was filed on November 17, 2010, impaired Classes 3, 4, 5, and 6 voted in favor of confirmation of the Modified First Amended Plan.

22. The remaining Classes, Class 1 and Class 2, are not impaired by the Modified First Amended Plan.

23. The Debtor may owe fees to the United States Trustee under 28 U.S.C. § 1930. Pursuant to the Modified First Amended Plan, those fees will be paid as and when due. The Debtor's cash projections show that there will be sufficient funds to pay those fees in full.

24. After consultation with bankruptcy counsel, the Debtor believes that it has no obligation to pay any "retiree benefits," as that term is defined in Section 1114 of the Bankruptcy Code.

25. The Debtor's cash projections indicate that it will have sufficient funds on hand to make all Distributions required under the Plan. Therefore, I believe that the Modified First Amended Plan is feasible.

26. After consultation with counsel, I believe that the Modified First Amended Plan provides for a distribution to Creditors that is greater than what Creditors would receive if this were a Chapter 7 case, and that the Modified First Amended Plan is in the best interest of Creditors.

27. I have been advised by bankruptcy counsel that no objections to confirmation were filed, but that informal comments were provided by the Environmental Protection Agency and the Office of the United States Trustee which were resolved with both entities through the Confirmation Order and the modifications to the First Amended Plan.

28. Based on the Debtor's financial projections, I believe that the Debtor will be able to sustain its business operations going forward. Therefore, I believe that confirmation of the Modified First Amended Plan will not likely lead to liquidation or the need for further financial reorganization.

29. Based on all of the facts set forth in this Declaration and after consultation with bankruptcy counsel, I believe that the Modified First Amended Plan satisfies the requirements for confirmation of a plan as set forth in the Bankruptcy Code. Therefore, I respectfully request that the Court confirm the Modified First Amended Plan.

I hereby declare under penalty of perjury this 18th day of November, 2010, that the foregoing is true and correct to the best of my knowledge, information and belief.

J. Lloyd Breedlove